STATE OF NORTH CAROLINA v. BOBBY LOWERY

No. 7216SC512

(Filed 2 August 1972)

**Assault and Battery § 5— conviction sustained by record**

　　No error appears in the record in this appeal from a conviction of assault with a deadly weapon or other means or force likely to inflict serious injury or serious damage.

ON *certiorari* to review judgment of *Canaday, Judge,* 5 April 1971 Session of Superior Court, ROBESON County.

Defendant was tried in District Court on a warrant charging assault with a deadly weapon or other means or force likely to inflict serious injury or serious damage. G.S. 14-33(b)(1). He entered a plea of not guilty, was convicted, and judgment entered imposing a sentence of four months in the Robeson County jail. He appealed to the Superior Court and was tried de novo. He again entered a plea of not guilty, was convicted by the jury, and judgment was entered imposing a sentence of twelve months. He gave notice of appeal. Petition for writ of certiorari filed by his court-appointed counsel was allowed on 11 April 1972.

*Attorney General Morgan, by Assistant Attorney General Walker, for the State.*

*Neill A. Jennings, Jr., for defendant appellant.*

MORRIS, Judge.

Only two witnesses testified in this case—the prosecuting witness and the defendant. The evidence from the prosecuting witness, Fields, was to the effect that he went to a place in Lumberton about seven o'clock on the night of 19 December 1970, to get some beer to take home. Defendant was standing

against the edge of the door and as Fields entered, defendant asked him a question which he answered. He walked past defendant about three feet and came back to the door. Defendant struck him with a bottle and knocked him to the floor. While he was on the floor, defendant kicked him in the face about six times. Defendant was wearing construction boots. Fields was taken to the hospital and "the doctor took seven stitches in his face."

Defendant's testimony was that he was at the place on the night in question but did not see Fields there and did not hit him or kick him in the face.

Defendant's court-appointed counsel conducted vigorous cross-examination. Incompetent and prejudicial evidence was excluded upon his objections, and the jury was instructed not to consider certain evidence upon request of defendant's counsel. No error is assigned to the charge of the court to the jury, and in the charge we find no prejudicial error. The jury simply found that defendant's evidence was not credible. The sentence is within the statutory limits.

It appears that defendant has had a fair and impartial trial free from prejudicial error.

No error.

Judges VAUGHN and GRAHAM concur.